RICHARD S. FAY & others *vs.* PROPRIETORS OF THE SALEM
AND DANVERS AQUEDUCT.

The *St.* of 1850, *c.* 273, gives to the Proprietors of the Salem and Danvers Aqueduct the
power to take water from Spring Pond.

BILL IN EQUITY to restrain the defendants from taking the
waters of Spring Pond, owned by the plaintiffs. The plea
averred that the defendants were incorporated by *St.* 1796, *c.* 76,
and that under that statute and the statutes in addition thereto,
namely, *Sts.* 1839, *c.* 114, and 1850, *c.* 273,* they had done the
acts complained of, and that the plaintiffs' remedy, if any, is at
law. The plaintiffs demurred to this plea, and the case was
reserved by *Metcalf*, J. for the determination of the whole court.

*S. B. Ives, Jr.*, for the plaintiffs.

*W. C. Endicott*, for the defendants.

BIGELOW, C. J. The plea must be adjudged good. The
remedy of the plaintiffs is full, adequate and complete at law, in
the form of an application to assess damages for any injury done
to their property or rights by the acts of the defendants. The
bill is framed on a mistaken construction of the statute under
which the defendants have been acting, *St.* 1850, *c.* 273. This
clearly gives the defendants a right to take the waters of Spring
Pond and Brown's Pond. The provision in § 2, giving a party

---

* The material portions of this statute are as follows: " Sect. 1. The said
corporation are hereby empowered to conduct by subterranean pipes, into their
own land in Salem and Danvers, the waters of Spring Pond and Brown's Pond,
so called, and also the waters of the brook in the towns of Danvers and Salem,
now dammed by said aqueduct corporation, which they now have, or may acquire
.he right to take and use, for the purposes and objects for which the original
charter was granted; and for said purpose may construct, lay down and main-
tain any dam or dams, pipes, fountains or reservoirs whatsoever, upon and over
any land whatsoever, subject to the following provisions hereinafter contained.

" Sect. 2. If any person or corporation shall suffer damage by the taking the
water aforesaid, in the manner and for the purpose aforesaid, such injured party
shall be entitled, for remedy against said corporation, to the process by petition
to the supreme judicial court, provided by " *St.* 1839, *c.* 114, § 2.

a remedy for damages sustained by reason of " taking the water," is inconsistent with the construction which the plaintiffs seek to put on the language of the first section. It manifestly contemplates the taking of water by the sovereign right of emi· nent domain, delegated by the legislature to the defendants. If they were empowered to take only such waters as belonged to them, or as they might acquire by purchase, which is the interpretation of the first section insisted on by the plaintiffs, the pro· vision giving a remedy to persons suffering damage by such taking would be entirely idle and superfluous. The statute is to be so interpreted, if possible, as to give effect to all its provis· ions. This can be done only by construing the clause in the first section, which limits the authority of the defendants to the conducting of certain waters " which they may now have or may acquire the right to use," as referring solely to those of the brook therein named, and not to the water of the ponds. This is the strict grammatical construction, and is in accordance with the cardinal rule of exposition, that relative words must be referred to the next antecedent, unless clearly contrary to 'the intent of the framers of the statute. In the case at bar, the application of the rule leads to a construction which is not only not contrary to, but manifestly subserves the intent of the legislature. Indeed, unless the act of 1850, *c.* 273, does confer on the defendants power to take the waters from the ponds named by the right of eminent domain, it confers no power on the corporation which they did not possess under previous statutes. By *St.* 1796, *c.* 76, and *St.* 1839, *c.* 114, full authority had been conferred on the defendants to take water and conduct it from their own land only. The purpose of *St.* 1850, *c.* 273, was clearly to enlarge this authority, and to permit the defendants not only to take by purchase and hold land and water and conduct the latter through land of other persons, but also to take waters from the two ponds named without purchase or other right than that conferred by the legislature, on making due compensation to parties injured. *Bill dismissed.*